UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

DAVID DAVENPORT, )
)
     Petitioner, )
)
vs. ) No. 2:16-cv-00226-WTL-DKL
)
BRIAN SMITH Superintendent, )
)
     Respondent. )

**Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of David Davenport for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISF 16-02-0062. For the reasons explained in this Entry, Mr. Davenport's habeas petition must be **denied**.

    **A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On January 22, 2016, Sgt. Hill wrote a Conduct Report charging Mr. Davenport with assault/battery in violation of Code B-212. The Conduct Report states:

> On 1/22/2016 at approx. 2300hrs I Sgt. J. Hill #295 was reviewing cameras for a altercation that took place in 11 North on the A Side when I observed the following: At approximately 1815 I Sgt. Hill #295 observed Offender Davenport, David #904991 throwing multiple closed fist punches at Offender Farnsworth, John #224784 on the A Side of 11 North in the walkway. During this incident Offender Farnsworth # 224784 was backing up and trying to block the punches. Offender Davenport continued to throw multiple closed fist punches at Offender Farnsworth leading into Cube 3 on the A Side of 11 North. Offender Davenport was notified of all reports written and identified by his state issued I.D.

Dkt. 7-1 at 1.

Mr. Davenport was notified of the charge on February 3, 2016, when he received the Screening Report. He plead not guilty to the charge, and he requested video evidence.

A hearing was held on February 5, 2016. Mr. Davenport denied guilt, but based on Mr. Davenport's statement, the staff reports, and the video evidence, the hearing officer found Mr. Davenport guilty. The hearing officer recommended and approved sanctions including a sixty-day earned-credit-time deprivation.

Mr. Davenport appealed to Facility Head and the IDOC Final Reviewing Authority, but both of his appeals were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### C. Analysis

Mr. Davenport raises several claims in his habeas petition, which the Court construes and summarizes as follows: (1) there was insufficient evidence to convict him of assault or battery; (2) he was denied an impartial decisionmaker; and (3) he was subject to racial discrimination because he is black and the other offender involved in the incident who is white was not charged. The

respondent contends that the latter two claims are unexhausted and that the remaining claim lacks merit. The Court begins with the issue of exhaustion and procedural default before turning to the merits of the remaining claims.

*1. Exhaustion*

To succeed on a petition for a writ of habeas corpus, a petitioner must first "exhaust[] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies." *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[W]hen the habeas petitioner has failed to fairly present . . . the claim on which he seeks relief in federal court and the opportunity to raise that claim in state court has passed, the petitioner has procedurally defaulted that claim." *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004).

The respondent argues that Mr. Davenport did not raise his impartial-decisionmaker claim nor his racial discrimination claim in his administrative appeals, making those claims procedurally defaulted. Mr. Davenport does not respond to these arguments.

Mr. Davenport's administrative appeals show that the respondent is correct that Mr. Davenport did not raise either of these claims during the administrative process. *See* dkts. 7-5, 7-6. Specifically, Mr. Davenport did not assert anything regarding the decisionmaker being impartial, and, although he noted that no other inmates were charged but him, he did not assert that this was due to his race or any racial discrimination. Accordingly, these claims were not fairly presented during the administrative appeals and, because the opportunity to raise them has passed, they are denied as procedurally defaulted without reaching the merits of the claims. *See Perruquet*, 390 F.3d at 514.

## 2. Sufficiency of the Evidence and Notice of the Charges

Mr. Davenport challenges the sufficiency of the evidence demonstrating his guilt. The "some evidence" standard applied to challenges regarding the sufficiency of the evidence is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).

Mr. Davenport argues that there was insufficient evidence demonstrating his guilt because Sgt. Hill did not state in the conduct report that Mr. Davenport "struck or hit offender John Farnsworth." Dkt. 1 at 5. But the Conduct Report states that the video of the incident showed Mr. Davenport "throwing multiple closed fist punches at Offender Farnsworth." Dkt. 7-1 at 1. The Conduct Report alone can "provide[] 'some evidence' for the . . . decision," *McPherson*, 188 F.3d at 786, and it does here. Moreover, the video evidence corroborates this, as it states that Mr. Davenport can "clearly be seen striking another offender from behind several times as he is attempting to get away." Dkt. 7-3 at 1. The hearing officer relied on the Conduct Report and the video evidence in finding Mr. Davenport guilty. Accordingly, there was "some evidence" supporting the hearing officer's decision.

Mr. Davenport also makes much of the fact—even though his precise legal claim is unclear—that the Conduct Report provided inconsistent times for when the assault occurred. Specifically, that the assault occurred on January 22, 2016, at 23:00, 18:15, and 23:00 a.m. Mr. Davenport is certainly correct that the Conduct Report was not a model of clarity and, indeed, is inconsistent. In a box at the top of the form, the time of incident is 23:00 and the box "a.m." is

checked. But, of course, there is no such time as 23:00 a.m. The description of the incident then states that Sgt. Hill reviewed video of the altercation at 23:00 that day, and his video review showed that Mr. Davenport assaulted another inmate at 18:15. Thus although the incorrect time is written on the top of the form, which understandably caused some confusion, the description of the incident suggests that Sgt. Hill believed the assault to have occurred at 18:15.

Most importantly, the mistakes and inconsistencies on the Conduct Report, although rather unfortunate, did not violate Mr. Davenport's due process rights. First, to the extent Mr. Davenport is arguing that it violated IDOC policy not to correct the purported mistake, a violation of IDOC policy does not entitle him to habeas relief. Relief pursuant to § 2254 is available only on the ground that a prisoner "is being held in violation of federal law or the U.S. Constitution." *Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015). Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy, such as the one at issue here, are not cognizable and do not form a basis for habeas relief. *See, e.g.*, *Keller v. Donahue*, 271 Fed. Appx. 531, 532 (7th Cir. 2008).

Second, although Mr. Davenport does not explicitly contend he was denied fair notice of the charges against him, liberally construed, this is the most viable due process claim he could allege based on the mistakes in the Conduct Report. This is because due process requires "Indiana inmates . . . to receive advance written notice of the charges against them." *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003) (citations omitted). "The notice should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge," which allows "the accused to gather the relevant facts and prepare a defense." *Id.*

The Conduct Report complied with this requirement, as it informed Mr. Davenport of the charge against him, the facts underlying that charge, and the date it allegedly occurred.[1] Although there were discrepancies regarding the time of the incident, Mr. Davenport does not explain how this hindered his ability "to gather the relevant facts and prepare a defense." *Id.* Indeed, in his administrative appeal, Mr. Davenport argued that the video should be reviewed because it would not show him committing an assault at either of the two times. But the video was reviewed by both the prison officials and now by the Court, and it shows that the assault occurred at 18:15 on January 22, 2016.

For all of these reasons, Mr. Davenport's due process rights were not violated. The evidence was sufficient to find him guilty of assault, and he was given sufficient notice of the charges against him to adequately prepare and present his defense. Accordingly, he is not entitled to habeas relief.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Davenport to the relief he seeks. Accordingly, Mr. Davenport's petition for a writ of habeas corpus must be **denied** and the action dismissed.

---

[1] Although the Conduct Report initially stated the date of the incident was January 22, 2015, this typo was corrected by hand to reflect that the date of the incident was January 22, 2016. Mr. Davenport does not assert that this change in any way prevented him from adequately defending against the charge. Thus, this is not a case, for example, where the Conduct Report failed to give the date of the charge such that the inmate could not adequately prepare a defense. *Cf. Vermillion v. Levenhagen*, 519 Fed. Appx. 944, 946-47 (7th Cir. 2013).

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 4/18/17

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Andrea Elizabeth Rahman
OFFICE OF THE INDIANA ATTORNEY GENERAL
andrea.rahman@atg.in.gov

DAVID DAVENPORT
904991
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135